DECISION
The Court issued a decision on this matter on February 24, 2003. However, the parties-Woodland Manor III, Associates, L.P. ("plaintiff") and the Department of Environmental Management ("defendant")-could not reach an agreement as to the method for calculating the prejudgment interest awarded by this Court. The Court now clarifies that portion of the decision dealing with the award of prejudgment interest to the plaintiff. Specifically, the Court finds that the proper method for calculating prejudgment interest requires that the treasury bill rate be compounded using the date of the taking, April 11, 1986, as the start date. The Court also finds that when the interest rate changes for the period of March 2001 through the date of judgment, a twelve percent interest rate shall be applied to the principal award plus the accrued interest ($4,301,581.13).
 Calculating Prejudgment Interest
In the decision of Februray 24, 2003, the Court cited both G.L. (1956) § 37-6-23 and NRG Co. v. United States, 31 Fed. Cl. 659 (1994), for its finding that application of the treasury bill rate to the principal satisfied the constitutional requirement of just compensation.[1] The first issue for the Court to address is how to commence calculating prejudgment interest using the treasury bill rate. Specifically, the issue is whether the appropriate method for calculating prejudgment interest is simply the yearly average of the treasury bill rate or rather the yearly average of the treasury bill rate beginning on the date of the taking, April 11, 1986.
The plaintiff argues that the date of the taking should be the start date from which the average treasury bill rate for the year will be calculated. Under this method, the first year for which the average interest rate will be calculated is April 11, 1986 through April 10, 1987. The defendant asserts that rather than using the date of the taking as an anniversary date, the treasury bill average for the calendar year should be used. Under this method, the treasury bill rate used would be the average of the issued treasury bills for the calendar year beginning with 1986; that is January 1, 1986 through December 31, 1986. The defendant states that in NRG, the Court found that the appropriate calculation of prejudgment interest for delays exceeding one year was the weekly average of the fifty-two week treasury bill. Thus, the defendant avers that this Court should likewise use the simple yearly average rather than the yearly average beginning on the date of the taking.
Looking to G.L. (1956) § 37-6-23, the Court notes that the statute requires interest to be computed from the date that interest began to accrue till the date of judgment. Here, as the Court determined in its decision of February 24, 2003, the date interest began to accrue was the date of the taking. The Court finds that since the precise date of the taking has been determined by this Court, it is appropriate in this case to use April 11, 1986, as the anniversary date to determine the yearly average for the treasury bill. See Gorham v. Public Bldg. Auth. of theCity of Providence, 612 A.2d 708, 712-13 (R.I. 1992) (stating that a landowner is entitled to just compensation as of the date of the taking). The Court finds that this method more accurately reflects the plaintiff's economic loss because it commences with the actual date that the plaintiff was first denied the use of its land. By using the date of the taking, the plaintiff is more fully remunerated for its loss.
The second issue is whether the treasury bill rate should be compounded annually. General Laws (1956) § 37-6-23 requires interest to "be compounded annually." In Bogosian v. Woloohojian, 158 F.3d 1 (1st Cir. 1998), the First Circuit noted that the "one explicit exception to the general rule of simple interest in Rhode Island proceedings is for certain eminent domain proceedings, for which a statute expressly allows compound prejudgment interest." Id. at 8 (citing G.L. (1956) §37-6-23). In NRG, the Court stated that compounding the interest on a regular basis was necessary to satisfy the just compensation requirement "because had the property owner actually invested in government securities, he or she would have had the opportunity to reinvest the proceeds as each security matured." Id. at 668; see also Bogosian, 158 F.3d at 8 (stating "[c]learly, if one's money is held for a number of years, one loses not only the interest one could make on that money each year, but also the profits that could be made from investing that interest each year.").
The defendant states that the Rhode Island Supreme Court "disfavor[s] compounding the interest on monetary awards in a judgment when the Legislature has not specifically authorized it." DiLuglio v. ProvidenceAuto Body, Inc., 755 A.2d 757, 775 (citing Bogosian, 158 F.3d at 8-9 (1st Cir. 1998)). Since there is no Legislative authorization for compounding the interest in the present case, and the takings clause itself is silent on the matter, the defendant concludes that the interest should not be compounded.
The defendant, however, ignores the noted exception to Rhode Island's general aversion to compound interest, G.L. (1956) § 37-6-23. In the decision of February 24, 2003, this Court stated that although G.L. (1956) § 37-6-23 dealt with eminent domain rather than inverse condemnation, the statute was nevertheless pertinent to aid in the determination of prejudgment interest in this case. Slip op. at 37. Moreover, the reasoning of the Court in NRG is applicable here. Had the plaintiff invested in government securities, it would have been able to reinvest the proceeds as each security matured; thus, compounding the interest is not only proper, but necessary. Therefore, in order to assure that the plaintiff is awarded just compensation, the Court finds that the interest shall be compounded.
Since the fifty-two week treasury bill stopped issue in February 2001, another method had to be adopted to determine the prejudgment interest from the stop date till the date of judgment. In the decision of February 24, 2003, the Court found that a twelve percent interest rate would apply from March 2001 through February 2003.[2] The final issue is whether, once the interest rate changes to twelve percent, the interest should be applied only to the principal ($1,806,107.20) or rather to both the principal plus the compounded interest ($4,301,581.13).
The plaintiff contends that it would recoup less than the treasury bill rate if the twelve percent interest rate is applied only to the principal. The plaintiff therefore argues that it would be denied just compensation. The defendant counters that applying the twelve percent interest rate to the principal plus the accrued interest would result in a windfall for the plaintiff. Moreover, the defendant argues that prejudgment interest can only be applied to the principal pursuant to G.L. (1956) § 9-21-10(a).
As stated in the Court's decision of February 24, 2003, in takings cases, prejudgment interest "is both part of the condemnation award itself, and represents part of the just compensation to which a condemnee is constitutionally entitled, arising out of the delay which takes place between the taking of the property and ascertainment of the award."Ankner, 764 A.2d at 714 (quoting 6A Nichols on Eminent Domain § 26E.02[4] at 26E-34-35 (3d. rev. ed. 2000)). Slip op. at 35. Thus, when the treasury bills stopped issuing in February 2001, the principal amount of the plaintiff's just compensation award included the accrued interest.
The Court therefore finds that the principal balance owed to the plaintiff on the date that treasury bills stop issuing was $4,301,581.13, which represents the plaintiff's actual loss to that date. Thus, the application of prejudgment interest at twelve percent per annum pursuant to G.L. (1956) § 9-21-10(a) applies to the $4,301,581.13 principal balance. The Court finds that this application of the twelve percent interest rate remains true to the policy of compounding interest pursuant to G.L. (1956) § 37-6-23 and satisfies the just compensation requirement.
The case before the Court is unique in that the Court cannot use the same method of calculating prejudgment interest for the entire period of the taking. The Court finds that the interest gained from applying the twelve percent rate to the principal balance of $4,301,581.13 does not result in a windfall to the plaintiff; instead, this method assures that the plaintiff is not denied just compensation merely because the treasury bills stopped issuing.
 Conclusion
After considering the parties' arguments and relevant law, the Court concludes that prejudgment interest shall be calculated using the yearly average of the fifty-two week treasury bill as of the date of the taking, April 11, 1986. Said interest shall be compounded annually. The Court also finds that once the interest rate changes to the twelve percent rate, it shall be applied to the principal award plus the accrued interest ($4,301,581.13). Counsel are directed to confer and submit to this Court the proper order for entry after notice.
[1] General Laws (1956) § 37-6-23, which deals with the acquisition of land, states:
 "Payment of Judgment . . . Interest shall be calculated to the date of entry of the judgment, at a rate equal to the average of the coupon issued yield equivalent as determined by the secretary of the treasury of the average accepted auction price for the auctions of fifty-two (52) week United States treasury bills from the date interest began to accrue to the date of the judgment. Interest shall be computed daily to the date of payment and shall be compounded annually."
[2] General Laws (1956) § 9-21-10(a) states in pertinent part:
 "Interest in Civil Actions . . . In any civil action in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages interest at the rate of twelve percent (12%) per annum thereon from the date the cause of action accrued, which shall be included on the judgment therein. Post-judgment interest shall be calculated at the rate of twelve percent (12%) per annum and accrue on both the principal amount of judgment and the prejudgment interest entered therein."